IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

OHIO VALLEY ENVIRONMENTAL
COALITION, WEST VIRGINIA
HIGHLANDS CONSERVANCY and
SIERRA CLUB,

        Plaintiffs,

v.                                        CIVIL ACTION NO. 2:13-cv-5008

ALEX ENERGY, INC,

        Defendant.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
AND FOR CIVIL PENALTIES**

**INTRODUCTION**

1.     This is a citizen suit for declaratory and injunctive relief and civil penalties against Defendant Alex Energy, Inc. ("Alex") for violations of the Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq. (hereinafter "the Clean Water Act" or "the CWA"), and the Surface Mining Control and Reclamation Act, 30 U.S.C. § 1201 et seq. (hereinafter "SMCRA") at its Robinson North Surface Mine, Spruce Run Surface Mine, and Twentymile Creek Mine No. 901 in Nicholas County, West Virginia.

2.     As detailed below, Plaintiffs allege that Alex has discharged and continues to discharge pollutants into waters of the United States in violation of Section 301 of the Clean Water Act, 33 U.S.C. § 1311, and of the conditions and limitations of its West Virginia/National Pollution Discharge Elimination System ("WV/NPDES") Permits WV0099651 and WV1015362 issued pursuant to Section 402 of the Clean Water Act.

3.     Plaintiffs further allege that Alex's discharges of unlawful quantities of pollutants into the waters adjacent to its Robinson North Surface Mine, Spruce Run Surface

Mine, and Twentymile Creek Mine No. 901 violate the performance standards under SMCRA and the terms and conditions of its surface mining permits.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 33 U.S.C. § 1365 (CWA citizens' suit provision), and 30 U.S.C. § 1270 (SMCRA citizens' suit provision).

5. On December 7, 2012, Plaintiffs gave notice of the violations and its intent to file suit to the Defendant, the United States Environmental Protection Agency ("EPA"), the Office of Surface Mining, Reclamation, and Enforcement ("OSMRE"), and the West Virginia Department of Environmental Protection ("WVDEP"), as required by Section 505(b)(1)(A) of the CWA, 33 U.S.C. § 1365(b)(1)(A), and Section 520(b)(1)(A) of SMCRA, 30 U.S.C. § 1270(b)(1)A).

6. More than sixty days have passed since notice was served. EPA, OSMRE and/or WVDEP have not commenced or diligently prosecuted a civil or criminal action to redress the violations. Moreover, neither EPA nor WVDEP commenced an administrative penalty action under Section 309(g) of the CWA, 33 U.S.C. § 1319(g), or a comparable state law to redress the violations prior to the issuance of the December 7, 2012 notice letters.

7. Venue in this District is proper pursuant to 33 U.S.C. § 1365(c)(1) because the source of the Clean Water Act violations are located in this District, and pursuant to 30 U.S.C. § 1270(c) because the coal mining operations complained of are located in this District.

## PARTIES

8. Alex is a West Virginia corporation engaged in the business of mining coal.

9. Alex is a person within the meaning of Section 502(5) of the Clean Water Act, 33 U.S.C. § 1362(5), and Section 701(19) of SMCRA, 30 U.S.C. § 1291(19).

10. At all relevant times, Alex has owned and operated the Robinson North and Spruce Run Surface Mines in Nicholas County, West Virginia, which are regulated by Surface Mining Permits S300598 and S301896, respectively, and which discharge pollutants into Twentymile Creek and its tributaries, including Spruce Run, subject to the effluent limitations of WV/NPDES Permit WV1015362.

11. At all relevant times, Alex has owned and operated Twentymile Creek Mine No. 901 in Nicholas County, West Virginia, which is regulated by Surface Mining Permit S005185 and which discharges pollutants into Road Fork prior to its confluence with Robinson Fork, which is a tributary of Twentymile Creek, subject to the effluent limitations of WV/NPDES Permit WV0099651.

12. Plaintiff Ohio Valley Environmental Coalition is a nonprofit organization incorporated in Ohio. Its principal place of business is in Huntington, West Virginia. It has approximately 1,500 members. Its mission is to organize and maintain a diverse grassroots organization dedicated to the improvement and preservation of the environment through education, grassroots organizing, coalition building, leadership development, and media outreach. The Coalition has focused on water quality issues and is a leading source of information about water pollution in West Virginia.

13. Plaintiff West Virginia Highlands Conservancy, Inc., is a nonprofit organization incorporated in West Virginia. It has approximately 1,700 members. It works for the conservation and wise management of West Virginia's natural resources.

14. Plaintiff The Sierra Club is a nonprofit corporation incorporated in California, with more than 600,000 members and supporters nationwide and approximately 1,900 members who reside in West Virginia and belong to its West Virginia Chapter. The Sierra Club is dedicated to exploring, enjoying, and protecting the wild places of the Earth; to practicing and

promoting the responsible use of the Earth's resources and ecosystems; to educating and enlisting humanity to protect and restore the quality of the natural and human environment; and to using all lawful means to carry out these objectives. The Sierra Club's concerns encompass the exploration, enjoyment and protection of surface waters in West Virginia.

15. Plaintiffs have members, including Cindy Rank and James Tawney, who use, enjoy, and benefit from the water quality in Twentymile Creek and its tributaries, including Spruce Run, Robinson Fork, and Spruce Run, and the natural resources associated with those streams. They would like to recreate in areas downstream from the portion of the stream into which Alex's Robinson North Surface Mine, Spruce Run Surface Mine, and Twentymile Creek Mine No. 901 discharge pollutants harmful to aquatic life, including total suspended solids, conductivity and sulfate. Excessive amounts of these pollutants degrade the water quality of the Twentymile Creek and its tributaries, make the water aesthetically unpleasant and environmentally undesirable, and impair its suitability for aquatic life. Because of this pollution, Plaintiffs' members refrain from and/or restrict their usage of Twentymile Creek, its tributaries, and its associated natural resources. As a result, the environmental, health, aesthetic, and recreational interests of these members are adversely affected by Alex's excessive discharges of these other pollutants into Twentymile Creek and its tributaries from its Robinson North Surface Mine, Spruce Run Surface Mine, and Twentymile Creek Mine No. 901 in violation of its NPDES and SMCRA permits. If Alex's unlawful discharges ceased, the harm to the interests of Plaintiffs' members could be redressed. Injunctions and/or civil penalties would redress Plaintiffs' members' injuries by preventing and/or deterring future violations of the limits in Alex's permits.

16. At all relevant times, Plaintiffs were and are "persons" as that term is defined by the CWA, 33 U.S.C. § 1362(5), and SMCRA, 30 U.S.C. § 1291(19).

## STATUTORY AND REGULATORY FRAMEWORK

17. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the "discharge of any pollutant by any person" into waters of the United States except in compliance with the terms of a permit, such as a National Pollution Discharge Elimination System ("NPDES") Permit issued by the EPA or an authorized state pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

18. Section 402(a) of the CWA, 33 U.S.C. § 1342(a), provides that the permit issuing authority may issue a NPDES Permit that authorizes the discharge of any pollutant directly into waters of the United States, upon the condition that such discharge will meet all applicable requirements of the CWA and such other conditions as the permitting authority determines necessary to carry out the provisions of the CWA.

19. Section 303(a) of the CWA, 33 U.S.C. § 1313(a), requires that states adopt ambient water quality standards and establish water quality criteria for particular water bodies that will protect the designated uses of the water.

20. The Administrator of EPA authorized WVDEP, pursuant to Section 402(a)(2) of the Act, 33 U.S.C. § 1342(a)(2), to issue NPDES permits on May 10, 1982. 47 Fed. Reg. 22363. The applicable West Virginia law for issuing NPDES permits is the Water Pollution Control Act ("WPCA"), W.V. Code § 22-11-1, et seq.

21. Section 505(a) of the CWA, 33 U.S.C. § 1365(a), authorizes any "citizen" to "commence a civil action on his own behalf . . . against any person . . . who is alleged to be in violation of . . . an effluent standard or limitation under this chapter."

22. Section 505(f) of the CWA, 33 U.S.C. § 1365(f), defines an "effluent standard or limitation under this chapter," for purposes of the citizen suit provision in Section 505(a) of the CWA, 33 U.S.C. § 1365(a), to mean, among other things, an unlawful act under Section 301(a), 33 U.S.C. § 1311(a), of the CWA and "a permit or condition thereof issued" under

Section 402, 33 U.S.C. § 1342, of the CWA.

23. In an action brought under Section 505(a) of the CWA, 33 U.S.C. § 1365(a), the district court has jurisdiction to order the defendant or defendants to comply with the CWA and to assess civil penalties under Section 309(d) of the CWA, 33 U.S.C. § 1365(d).

24. Section 309(d) of the CWA, 33 U.S.C. § 1319(d), provides that any person who violates Section 301 of the CWA, 33 U.S.C. § 1311, or violates any permit condition or limitation in a permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, shall be subject to a civil penalty payable to the United States of up to $25,000 per day for each violation.

25. Pursuant to the Federal Civil Penalties Adjustment Act of 1990, 28 U.S.C § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note, the court may assess a civil penalty of $37,500 per day for each violation that occurred after January 12, 2009.   See 40 C.F.R. § 19.4.

26. Under Section 505(d) of the CWA, 33 U.S.C § 1365(d), the court "may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such an award is appropriate."

27. Section 506 of SMCRA, 30 U.S.C. § 1256, prohibits any person from engaging in or carrying out surface coal mining operations without first obtaining a permit from OSMRE or from an approved state regulatory authority.

28. At all relevant times, the State of West Virginia has administered an approved surface mining regulatory program under SMCRA.  See 30 C.F.R. § 948.10.

29. Among the performance standards mandated by SMCRA and the West Virginia Surface Coal Mining and Reclamation Act ("WVSCMRA") is that "[d]ischarge from areas disturbed by . . . mining shall not violate effluent limitations or cause a violation of applicable water quality standards."  30 C.F.R. §§ 816.42 and 817.42; 38 C.S.R. § 2-14.5.b.

30. The legislative rules promulgated under the WVSCMRA provide that, as a general condition of all surface mining permits issued under the WVSCMRA, the permittee must comply with all applicable performance standards. 38 C.S.R. § 2-3.33.c.

31. Section 520(a) of SMCRA, 30 U.S.C. § 1270(a), authorizes any person adversely affected to bring an action in federal court to compel compliance with SMCRA against any "person who is alleged to be in violation of any rule, regulation, order or permit issued pursuant to [SMCRA]."

32. Section 520(d) of SMCRA, 30 U.S.C. § 1270(d), authorizes the Court to award the costs of litigation, including attorney fees and expert witness fees, "to any party, whenever the court determines such an award is appropriate."

33. WVDEP is the agency in the State of West Virginia that administers that State's CWA and SMCRA programs, and issues WV/NPDES Permits and WVSCMRA Permits.

## FACTS

34. On January 2, 2000, WVDEP issued West Virginia Surface Mining Permit No. S300598 to Alex for its 1696-acre Robinson North Surface Mine in Nicholas County, West Virginia. The permit was amended in 2002 and 2005 to add 142 acres and 558.6 acres, respectively, was renewed in 2005 and 2010, and is still in effect. Durable Rock Fill (DRF) G of Alex's Robinson North Surface Mine discharges into Pond G, which discharges through Outlet 012 into Spruce Run, a tributary of Twentymile Creek. DRF G is the only valley fill and Alex's Robinson Fork and Spruce Run Surface Mines are the only development activities in the Spruce Run watershed. Pond G below DRF G drains a total watershed in Spruce Run of 264 acres, of which 206 acres (78% of the watershed) are disturbed by the Robinson Fork mine. Permit App., p. P-5. Much of the remaining watershed has been or will be disturbed by the Spruce Run Surface Mine.

35. WVDEP has also issued West Virginia Surface Mining Permit No. S301806 to Alex for its Spruce Run Surface Mine in Nicholas County, West Virginia. That mine is on the northern and eastern ridges of the Spruce Run watershed. It contributes discharges from disturbed areas into Pond G and Outlet 012.

36. On February 29, 2000, WVDEP issued to Alex WV/NPDES Permit No. WV1015362, which limits discharges from the Robinson North Surface Mine and the Spruce Run Surface Mine into Twentymile Creek and its tributaries, including Spruce Run. This permit was renewed in 2005 and 2010 and is still in effect.

37. On July 26, 1999, WVDEP transferred West Virginia Surface Mining Permit No. S005185 to Alex for the 643-acre Twentymile Creek Mine No. 901 in Nicholas County, West Virginia. This permit was renewed in 2000, revised as recently as 2006, and remains in effect.

38. On October 12, 1999, WVDEP transferred WV/NPDES Permit No. WV0099651 to Alex for this mine. This permit was reissued in 2006 and 2008 and remains in effect. Valley fill D for this mine partially fills the Road Fork watershed, drains into Pond 1D, and then discharges through Outlet 001 into Road Fork prior to its confluence with Robinson Fork, which is a tributary of Twentymile Creek.

39. In December 2008, WVDEP deleted selenium limits from WV/NPDES Permit No. WV0099651 based on its conclusion that there was no reasonable potential for the discharges at Outlet 001 to cause or contribute to violations of the selenium water quality standard. WVDEP reached that conclusion based on Alex's sampling results from 2007.

40. WV/NPDES Permits WV1015362 and WV0099651 each incorporate by reference, through Part C of the permits, 47 CSR § 30-5.1.f, which provides that: "The discharge or discharges covered by a WV/NPDES permit are to be of such quality so as not to cause

violation of applicable water quality standards adopted by the Department of Environmental Protection, Title 47, Series 2."

41. WVDEP's narrative water quality standards prohibit discharges of "[m]aterials in concentrations which are harmful, hazardous or toxic to man, animal or aquatic life" or that cause "significant adverse impacts to the chemical, physical, hydrologic, or biological components of aquatic ecosystems." 47 C.S.R. §§ 2-3.2.e & 2-3.2.i.

42. Recent stream monitoring shows that Road Fork is contaminated by elevated levels of selenium. WVDEP sampling has measured the following amounts of selenium in milligrams per liter (mg/L) at the mouth of Road Fork downstream from Pond 1D and Outlet 001 in that stream:

| | |
|---|---|
| 9/20/2011 | 0.0061 mg/L |
| 10/25/2011 | 0.0065 mg/L |
| 11/30/2011 | 0.0072 mg/L |
| 1/11/2012 | 0.0085 mg/L |
| 3/14/2012 | 0.0062 mg/L |
| 4/2/2012 | 0.0073 mg/L |
| 5/8/2012 | 0.0052 mg/L |
| 6/19/2012 | 0.0079 mg/L |
| 7/17/2012 | 0.0062 mg/L |

Those amounts all exceed West Virginia's chronic water quality standard for selenium, which is 0.005 mg/L.

43. Alex has monitored the water quality at the Outlet 012 (PM-211), at monitoring point AW-17 in lower Spruce Run, and at monitoring point S-20 at the mouth of Spruce Run prior to its confluence with Twentymile Creek. In its NPDES permit application, Alex reported the following values for conductivity and sulfate at AW-17 and S-20:

| Sample Point | Sample Date | Conductivity (μS/cm) | Sulfate (mg/l) |
|---|---|---|---|
| AW-17 | 6/28/94 | 41 | 12 |

9

| AW-17 | 7/21/94  | 41 | 7  |
|-------|----------|----|----|
| AW-17 | 8/30/94  | 44 | 4  |
| AW-17 | 9/26/94  | 45 | 16 |
| AW-17 | 10/26/94 | 50 | 3  |
| AW-17 | 11/15/94 | 41 | 9  |
| S-20  | 10/31/97 | 50 | 14 |
| S-20  | 11/17/97 | 61 | 13 |
| S-20  | 12/29/97 | 50 | 8  |
| S-20  | 1/17/98  | 58 | 13 |
| S-20  | 2/17/98  | 51 | 14 |
| S-20  | 3/17/98  | 51 | 18 |

44.     WVDEP's 1999 CHIA for S3005-98 summarized those sampling results, stating that sulfate concentrations in Spruce Run were in the 3-18 mg/l range and "that this tributary had not been impacted at the date of the analyses." After that time, Alex began mining at its Robinson North Surface Mine and built DRF G and Pond G in Spruce Run.

45.     In March 2009, Alex's consultant, Research Environmental and Industrial Consultants (REIC), sampled the benthic macroinvertebrates and water chemistry in Spruce Run just before its confluence with Twentymile Creek. REIC measured "extremely elevated levels of conductivity (2,270 µS/cm), hardness (1,420 mg/L), sulfate (1,340 mg/L), TDS (1,630 mg/L), and magnesium (205 mg/l)." REIC stated that "the highly elevated levels of conductivity, sulfate, TDS, magnesium, and hardness were far outside of recommended thresholds, and would be severely limiting to sensitive taxa of aquatic insects."

46.     REIC calculated the West Virginia Stream Condition Index (WVSCI) score during this sampling event as 53.80, which indicates biological impairment. REIC found "an unbalanced and somewhat unhealthy macroinvertebrate community," including an absence of mayflies. REIC concluded that "the poor WVSCI score, along with the absence of mayflies, were indications of poor water quality and/or undesirable aquatic habitat at this station." In

addition, REIC stated that "[h]abitat on this stream was exceptionally desirable, and would have resulted in a very good benthic population, had water quality been more favorable. A complete lack of mayflies and reductions in stonefly and caddisfly resulted, and led to a low WVSCI score."

47. On October 7, 2009, WVDEP sampled the water in Spruce Run at the toe of DRF G, which is a half mile upstream from its confluence with Twentymile Creek. WVDEP reported that conductivity was 3409 µS/cm and sulfate was 2360 mg/l. Thus, conductivity and sulfate concentrations had increased about fifty times more than the maximum baseline values.

48. In June 2011, Alex's consultant, David Wilson, sampled the benthic macroinvertebrates and water chemistry in Spruce Run approximately 100 feet upstream from its confluence with Twentymile Creek. Wilson calculated the WVSCI score to be 51.03, which indicates biological impairment. He measured elevated levels of conductivity (3390 µS/cm) and sulfate (2112 mg/l).

49. In June 2012, Alex's consultant, David Wilson, again sampled the benthic macroinvertebrates and water chemistry in Spruce Run approximately 100 feet upstream from its confluence with Twentymile Creek. Wilson calculated the WVSCI score to be 48.53, which indicates biological impairment. He measured elevated levels of conductivity (3440 µ/S) and sulfate (2305 mg/l).

50. On the basis of Alex's continuing violations of the water quality standards incorporated into its WV/NPDES Permits WV1015362 and WV0099651 and the absence of any evidence of any meaningful efforts by Alex to eradicate the cause of the violations, Plaintiffs allege that Alex is in continuing and/or intermittent violation of the Clean Water Act and SMCRA.

## FIRST CLAIM FOR RELIEF

### (Clean Water Act Violations)

51. Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 50 above.

52. Since at least December 2008, Alex has discharged pollutants from its Robinson North Surface Mine and Spruce Run Surface Mine through point sources, i.e., Pond G and Outfall 12, into Spruce Run and Twentymile Creek pursuant to WV/NPDES Permit WV1015362.

53. Since at least December 2008, Alex's Twentymile Creek Mine No. 901 has discharged pollutants from its operations through point sources, i.e., Pond 1D and Outlet 001, into Road Fork, Robinson Fork and Twentymile Creek pursuant to WV/NPDES Permit WV0099651.

54. Twentymile Creek and its tributaries, including Spruce Run, Road Fork and Robinson Fork, are waters of the United States within the meaning of 33 U.S.C. § 1362(7).

55. Since at least December 2008, Alex has discharged, and continues to discharge, pollutants which cause ionic stress and biological impairment in Twentymile Creek and its tributaries, including Spruce Run, in violation of West Virginia's narrative water quality standards for biological integrity and aquatic life protection. 47 C.S.R. §§ 2-3.2.e & 2-3.2.i.

56. Since at least September 2011, Alex has discharged, and continues to discharge selenium into Road Fork in violation of West Virginia's numeric, chronic water quality standard for selenium.

57. The narrative water quality standards for biological integrity and aquatic life protection and numeric water quality standard for selenium incorporated by reference into Part C of Alex's WV/NPDES Permits WV1015362 and WV0099651 are "effluent standards or

limitations" for purposes of Sections 505(a)(1) and 505(f)(6) of the Clean Water Act because they are a condition of a permit issued under section 402 of the Act.  33 U.S.C. §§ 1342, 1365(a)(1), 1365(f)(6).

58. Based on the WVSCI scores and measured concentrations of specific conductivity, sulfates, and selenium in Alex's discharges, and its failure to take corrective actions to address those conditions, Plaintiffs believe that Alex is in continuing and/or intermittent violation of its WV/NPDES Permits WV1015362 and WV0099651 and the CWA.

59. Pursuant to Sections 309(d) and 505 of the CWA, 33 U.S.C. § 1319(d) and 1365, Alex is liable for civil penalties of up to $37,500 per day of violation for its violations of the effluent limitations in WV/NPDES Permits WV1015362 and WV0099651.

60. Alex is subject to an injunction under the CWA ordering it to cease its permit violations.

## SECOND CLAIM FOR RELIEF

### (SMCRA Violations)

61. Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 60 above.

62. Alex's WVSCMRA Permits S300598, S301896 and S005185 require it to comply with performance standards of the WVSCMRA.  38 C.S.R. § 2-3.33(c).

63. Those standards provide that "discharge from areas disturbed by surface mining shall not violate effluent limitations or cause a violation of applicable water quality standards." 38 C.S.R. § 2-14.5.b.

64. West Virginia water quality standards prohibit discharges of "[m]aterials in concentrations which are harmful, hazardous or toxic to man, animal or aquatic life" or that cause "significant adverse impacts to the chemical, physical, hydrologic, or biological

13

components of aquatic ecosystems." 47 C.S.R. §§ 2-3.2.e & 2-3.2.i.

65. WVSCMRA performance standards also provide that "[a]ll surface mining and reclamation activities shall be conducted . . . to prevent material damage to the hydrologic balance outside the permit area." 38 C.S.R. § 2-14.5. "Material damage," at a minimum, includes violations of water quality standards.

66. By violating West Virginia water quality standards for biological integrity, aquatic life protection, and selenium at its Robinson North Surface Mine, Spruce Run Surface Mine, and Twentymile Creek Mine No. 901, Alex has also violated, and is continuing to violate, the performance standards incorporated as conditions in its WVSCMRA Permits S300598, S301896 and S005185.

67. Federal and State performance standards require that, "[i]f drainage control, restabilization and revegetation of disturbed areas, diversion of runoff, mulching, or other reclamation and remedial practices are not adequate to meet the requirements of this section and § 816.42, the operator shall use and maintain the necessary water-treatment facilities or water quality controls." 30 C.F.R. § 816.41(d)(1); see also 38 C.S.R. § 2-14.5.c ("Adequate facilities shall be installed, operated and maintained using the best technology currently available in accordance with the approved preplan to treat any water discharged from the permit area so that it complies with the requirements of subdivision 14.5.b of this subsection.").

68. The violations identified herein show that Alex's existing treatment methods are insufficient to meet that requirement. Thus, the performance standards require Alex to construct systems that will effectively treat its effluent to levels that comply with all applicable water quality standards.

69. Each violation of Alex's WVSCMRA permit is a violation of SMCRA and is enforceable under the citizen suit provision of SMCRA, 30 U.S.C. § 1270(a).

70. Alex is subject to an injunction under SMCRA ordering it to cease its permit violations.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order:

1. Declaring that Alex has violated and is in continuing violation of the Clean Water Act and SMCRA;

2. Enjoining Alex from operating its facilities in such a manner as will result in further violations of the effluent limitations in WV/NPDES Permits WV1015362 and WV0099651;

3. Ordering Alex to immediately comply with the effluent limitations in WV/NPDES Permit WV1015362 and WV0099651;

4. Ordering Alex to immediately comply with the terms and conditions of WVSCMRA Permit Number S300598, S301896 and S005185;

5. Ordering Alex to pay appropriate civil penalties up to $37,500 per day for each CWA violation;

6. Ordering Alex to conduct monitoring and sampling to determine the environmental effects of its violations, to remedy and repair environmental contamination and/or degradation caused by its violations, and restore the environment to its prior uncontaminated condition;

7. Awarding Plaintiffs their attorney and expert witness fees and all other reasonable expenses incurred in pursuit of this action; and

8. Granting other such relief as the Court deems just and proper.

Respectfully submitted,

/s/ DEREK O. TEANEY

DEREK O. TEANEY (W.Va. Bar No. 10223)
JOSEPH M. LOVETT (W.Va. Bar No. 6926)
Appalachian Mountain Advocates
P.O. Box 507
Lewisburg, WV 24901
(304) 645-9006

Counsel for Plaintiffs

Case 2:13-cv-05008 Document 1 Filed 03/13/13 Page 16 of 16 PageID #: 16